**61 P.(2d) 320**

**BACA v. ORTIZ, County Clerk.**

No. 4244.

Supreme Court of New Mexico.

Sept. 26, 1936.

David W. Carmody, of Santa Fé, for appellant.

Reed Holloman and George E. Remley, both of Santa Fé, for appellee.

BRICE, Justice.

This action was brought to enjoin the county clerk of Santa Fé county from carrying out any of the provisions of the so-called absent voters laws hereinafter referred to. The following facts are alleged as grounds for the issuance of the writ:

"That the law of the State of New Mexico providing for the voting by persons absent from their voting precinct or district imposes on the County Clerk the duty of providing applications for persons desiring ballots to be voted by them without their being present in person to cast their vote in the precinct or district where they reside. * * *

"That the defendant proposes to prepare applications for ballots to be voted by such absent voters, and to mail to such voters, ballots to be voted as provided by law, and unless restrained from so doing, will proceed to carry out the law providing for voting by such absent voters.

"That such action on the part of said defendant will entail large expense and will permit a large number of voters who will be absent from their voting place at the election to be held on November 3d, 1936, to vote by such method at such election.

"That the law of the State of New Mexico, providing for the voting of persons absent from their voting places is unconstitutional and void. * * *

"That said plaintiff is informed and believes and alleges on information and belief, that persons absent from their place of legal residence, in the military or naval service of the United States or of this State, will be allowed to vote at such election although they will not be present in person to cast their ballot, unless the Clerk is restrained from carrying out the provisions of the law providing for such method of voting.

"That section 6 of article 7 of the Constitution of the State of New Mexico, is illegal and void for the reason that it was not adopted by a vote of the people of this State in an election at which at least three-fourths of the electors voting in the whole State and at least two-thirds of those voting in each County of the State, voted for said section 6 when it was proposed as an Amendment to said Constitution."

The defendant demurred generally to the complaint which brings in question the constitutionality of such laws; and whether section 6 of article 7 of the State Constitution (hereafter quoted) was validly adopted by the people. This demurrer was overruled by the court and decree entered as prayed for; from which decree this appeal is prosecuted.

■ There are a number of laws involved in this suit. Chapter 127 of the N.M.Session Laws of 1933 is a general law providing that qualified electors absent from their voting precinct may vote at elections and the manner and means of such voting. This act was held unconstitutional by this court in Thompson v. Scheier, 40 N.M. 199, 57 P.(2d) 293. There are two other statutes on the subject not directly involved in that decision, but concededly they are unconstitutional under our conclusion in that case and must necessarily be held so, unless we now disapprove the material holding in that case.

Chapter 41, N.M.Sess.Laws 1927 (chapter 41, N.M.Codification 1929 [section 41-

101 et seq.]) is the present election code except as it may have been amended. Sections 333 to 336 inclusive, of said act (N. M.Comp.St.1929, §§ 41-333 to 41-336), contain all its provisions for absent voting. They provide in substance that any registered elector who expects to be absent from his precinct on election day may cause to be mailed or presented to the county clerk an application for an official ballot to be voted at said election. Upon receipt of such application the clerk shall file the same and mail or deliver an official ballot as requested, together with an envelope addressed to the judges of the election of his precinct or election district, upon the back of which there shall be printed a certificate to be signed by him, to the effect that he is duly registered as an elector in his precinct or election district, naming it. Upon receipt of the ballot, the absent voter shall mark the same, fold and place it in the envelope furnished, and seal it, execute the certificate in the presence of witnesses and mail or send the same to some registered elector of his precinct or election district to be presented to the election officers at the polls. Any registered elector of the precinct or election district is authorized to hand the sealed envelope containing the ballot to one of the election judges, who shall call out the name of the absent voter. If he is registered, and no challenge is sustained to his ballot, the judge shall open the envelope, take out the ballot and deposit it in the ballot box.

Chapter 73 of N.M.Session Laws 1912 provides that a railroad employee may cast a limited ballot in any precinct of any county of the state of New Mexico where he may be on election day, on presentation to the election judges of a certificate signed by the Board of Registration of his home precinct, showing that he is duly registered, is a qualified voter in such precinct and has made oath that on account of the duties of his occupation he will be absent from such precinct at the time of the election. Provision is made for the return of such ballot to the home precinct of the voter.

That portion of section 1 of article 7 of the State Constitution material to this case is as follows:

"Every male citizen of the United States, who is over the age of twenty-one years, and has resided in New Mexico twelve months, in the county ninety days, and in the precinct in which he offers to vote thirty days, next preceeding the election, * * * shall be qualified to vote at all elections for public officers. * * *

"The legislature shall have the power to require the registration of the qualified electors as a requisite for voting, and shall regulate the manner, time and place of voting."

We held in Thompson v. Scheier, supra, that this section requires the manual delivery of his ballot by the voter in person at the polls in the precinct of his residence and that any law providing that a ballot may be cast by or for a qualified elector

otherwise runs counter thereto and is unconstitutional. After a careful review of that case, in which every material question here presented is exhaustively discussed, we adhere to this ruling.

We hold that sections 333 to 337 inclusive, of chapter 41, N.M.Session Laws of 1927 (sections 41-333 to 41-337 inclusive of N.M.Codification 1929) and chapter 73, N.M.Session Laws 1912, are unconstitutional and void.

■ The following amendment to the State Constitution was proposed by a joint resolution of the two houses of the legislature in 1919: "Citizens of the state, absent from their places of legal residence, in the military or naval service of the United States, or of this state, and being otherwise qualified electors, may be allowed to vote at any election for all state officers, presidential electors, representatives in congress, and upon constitutional amendments, under such regulations and limitations as may be prescribed by law."

This proposed amendment was voted on by the electorate of the state of New Mexico at the November election of 1920 at which 6742 electors voted for its adoption and 5069 against it.

It is contended that this provision (now appearing as section 6 of article 7 of the State Constitution) is void because only a bare majority voted for its adoption, whereas section 3 of article 7 of the State Constitution provides: "The right of any citizen of the state to vote, hold office, or sit upon juries, shall never be restricted, abridged or impaired on account of religion, race, language or color, or inability to speak, read or write the English or Spanish languages except as may be otherwise provided in this constitution; and the provisions of this section and of section one of this article shall never be amended except upon a vote of the people of this state in an election at which at least three-fourths of the electors voting in the whole state, and at least two-thirds of those voting in each county of the state, shall vote for such amendment."

The parts of section 1 of that article referred to in section 3 thereof, as set out above, material to a decision, are as follows: "Every male citizen of the United States, who is over the age of twenty-one years, and has resided in New Mexico twelve months, in the county ninety days, and in the precinct in which he offers to vote thirty days, next preceding the election, * * * shall be qualified to vote at all elections for public officers."

This section of the Constitution, as we have held, requires the manual delivery of the ballot at the polls by the elector in person. Clearly the effect of the provision attacked is to amend section 1 of that article, in that a certain class of citizens is allowed to cast ballots at elections though absent from the polls. As section 3 of the article which we have quoted provides that section 1 thereof shall never be amended except upon a vote of the people of this state at an election at which at least three-fourths of the electors voting in the whole state, and at least two-thirds of those voting

in each county of the state, shall vote for such amendment, it follows that the provision attacked, appearing as section 6 of article 7 of the State Constitution, violates section 1 thereof and is void because never constitutionally adopted.

The district court did not err in overruling the demurrer to the plaintiff's complaint and entering judgment restraining and enjoining the county clerk from carrying out the provisions of these unconstitutional laws. The judgment of the district court is affirmed.

It is so ordered.

SADLER, C. J., and HUDSPETH and BICKLEY, JJ., concur.

ZINN, J., did not participate.