305 P.2d 376

**STATE ex rel. A. E. WEST, Relator-Appellant,**

**v.**

**Dorothy THOMAS, County Clerk, Curry County, State of New Mexico, Respondent-Appellee.**

**No. 6170.**

Supreme Court of New Mexico.

Dec. 21, 1956.

E. P. Ripley, Santa Fe, Noble & Noble, Las Vegas, Wesley Quinn, Clovis, for appellant.

104

Richard H. Robinson, Atty. Gen., Fred M. Standley, and Santiago E. Campos, Asst. Attys. Gen., for appellee.

LUJAN, Justice.

By mandamus, it is sought in this proceeding to compel the county clerk of Curry County to furnish relator with an absentee ballot as contemplated by § 3–5–10 of 1953 Compilation (Pocket Supplement). The relator, in his petition, alleged "that he was a legally qualified and registered voter of Precinct No. 20, Election District A, Curry County, New Mexico; that he will be absent from his voting precinct on November 6, 1956; that more than seven days prior to the general election for the year 1956, he made application for an absentee ballot in the manner prescribed by § 3–5–10 supra; that he meets all the qualifications prescribed by law for voting by absentee ballot, which qualifications are admitted by respondent; and that respondent refuses to furnish him with an absentee ballot or to otherwise perform the duties imposed upon respondent by § 3–5–10 et seq., 1953 Compilation. (Pocket Supplement)" Wherefore, he prayed the issuance of an alternative writ of mandamus, or to show cause why she has not done so.

Upon presentation of the petition, the district court authorized issuance of the alternative writ as prayed and issued an order to show cause, returnable on October 20, 1956.

For answer to the alternative writ, the respondent admitted the allegations of the petition. The answer also alleged affirmatively "that the provisions of Laws of 1955 Ch. 256 compiled as § 3–5–10 to 19 inclusive, N.M.S.A.1953, as amended, commonly known as the Absentee Voting Act are unconstitutional and in violation of the provisions of § 1 of Article VII of the Constitution of the State of New Mexico and are hence void and a nullity."

On October 10, 1956, the cause was heard on the alternative writ and answer, on which date there was entered a judgment reading as follows:

"This cause duly and regularly coming before the court upon stipulation between the parties that this matter be heard forthwith and both parties appearing by their respective attorneys of record and the Court being fully advised in the premises, Finds:

"1. That the fact set forth in the alternative writ and Exhibit attached thereto are true and correct."

Based upon the foregoing, the Court concludes:

"1. That notwithstanding the truth of the facts set forth in the Alternative Writ and Exhibit attached thereto, said Writ should be dissolved for the reason that the provisions of Laws 1955, Ch. 256, compiled as §§ 3–5–10 to 19 inclusive, N.M.S.A. 1953 as amend-

ed, commonly known as The Absentee Voting Act are unconstitutional and in violation of the provisions of § 1 of Article VII of the Constitution of the State of New Mexico and are hence void and a nullity.

"It Is Therefore, Adjudged and Decreed that the Alternative Writ of Mandamus heretofore issued herein be and the same hereby is dissolved and this action is dismissed at the cost of relator."

Objections and exceptions were duly taken and this appeal follows:

Chapter 256 of New Mexico Session Laws 1955 provides:

"Section 1. Absentee Ballots and Envelopes Therefor—Record of Ballots Furnished.—At least seven days before any primary or general election and upon receipt of an application by a voter who will be absent from his voting precinct or polling place on the day of election, the county clerk shall furnish the registered voter an official ballot and shall also furnish the envelope provided for in section 6.

"Upon furnishing the official ballot, the county clerk shall cause to be entered upon the original and duplicate registration records the fact that an absentee voters ballot was delivered to such registered voter and the number of such ballot.

"Section 2. Ballots to be Mailed to County Clerk—Disposition by County Clerk.—Any qualified voters who cannot be physically present at their polling places on the date of a general or primary election may obtain an absentee ballot from the clerk of the county in which such voter votes. After filling out the ballot as hereinafter provided, the voter shall send the ballot by registered mail to the county clerk of the county in which he votes. Upon receipt of the completed absentee ballots, the county clerk shall retain them, with the seal of the envelope in which they are contained unbroken, in a safe in the county courthouse until the day of the general or primary election. Upon the day of election, the county clerk shall personally or by duly appointed agent, deliver all such ballots, in their envelopes with the seal unbroken, to the election judge of the precinct or polling place which is shown by the envelope in which the ballot is contained to be the voting precinct or polling place of the absent voter.

\* \* \* \* \* \*

"Section 8. Election Judge the Agent in Fact of Absent Voter.—No absentee voter is considered to have voted until his ballot has been cast, by a precinct election judge of the voter's voting precinct, into the ballot box on the day

of the election. For the purposes of this act the election judge or judges of the voter's voting precinct shall be considered his agent in fact for the purposes of casting such voter's ballot.

"Section 9. Offer to Vote Defined— Legislative Policy.—This article is enacted in the exercise of the general legislative power to regulate the manner, time and places of election, and of the specific power to enact laws providing for the voting of qualified electors who cannot be physically present at their polling places on the day of any election. In furtherance of the exercise of this power, the legislature hereby declares that a voter may offer to vote in the precinct in which he is entitled to vote either by personal appearance at the polling place or by applying for and using an absentee ballot as provided in this article. A person who applies for and uses an absentee ballot in the manner herein provided 'offers to vote' in the precinct of his residence, within the meaning of Article 7, Section 1, of the Constitution."

Section 1 of article 7 of the New Mexico Constitution provides as follows:

"Every male citizen of the United States, who is over the age of twenty-one years, and has resided in New Mexico twelve months, in the county ninety days, and in the precinct in which he offers to vote thirty days, next preceding the election, * * * shall be qualified to vote at all elections for public officers. * * *

"The legislature shall have the power to require the registration of the qualified electors as a requisite for voting, and shall regulate the manner, time and places of voting."

■ The sole question involved in this appeal is the constitutionality of Chapter 256 Laws 1955, and, although the said election has since passed, and therefore our decision can have no effect upon the rights of the relator at that election; nevertheless, the question is one of great public interest, involving the right of the relator, as well as of all electors in this state, to vote by absentee ballot in future elections. Accordingly, we proceed to the determination of the question. See, Annotation in 132 A.L. R. beginning on page 1186.

We held in Thompson v. Scheier, 1936, 40 N.M. 199, 57 P.2d 293, and affirmed said holding in Baca v. Ortiz, 1936, 40 N.M. 435, 61 P.2d 320 and reaffirmed the same in Chase v. Lujan, 1944, 48 N.M. 261, 149 P.2d 1003, that the above section of our constitution requires the manual delivery of his ballot by the voter in person at the polls in the precinct of his residence and

that any law providing that a ballot may be cast by or for a qualified elector otherwise runs counter thereto and is unconstitutional.

 We are now, for the third time, asked to reverse our holding in the above cited cases, to the extent each holds that the Constitution, Article 7, § 1, requires the personal presence at the polls of an otherwise qualified elector when he offers to vote, and to adopt the dissenting opinion in Chase v. Lujan, supra. This we decline to do. After a careful review of the above cases, in which every material question here presented is exhaustively discussed, we are still of the same opinion, and hold that Chapter 256 Laws of 1955 is unconstitutional.

We are entirely familiar with the maxim "ut res magis veleat quam pereat" so often laid down in this and other courts and "that the thing may rather have effect than be destroyed" has a special significance in determining the constitutionality of the statute. We know that in every doubtful case that doubt is resolved in favor of the constitutionality of the statute, and we have many cases so holding. When, however, a statute clearly violates the organic law as expressed in the Constitution, it is the plain duty of the Court to hold the statute unconstitutional, leaving the perfection of the statute to be brought about by proper constitutional amendment.

The judgment of the district court is affirmed.

It is so ordered.

COMPTON, C. J., and SADLER, Mc-GHEE and KIKER, JJ., concur.